# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 2, 2008

Charles R. Fulbruge III
Clerk

No. 07-50336

In Re:  CESAR ROBERTO FIERRO

Movant

Motion for an order authorizing
the United States District Court for the Western
District of Texas to consider
a successive 28 U.S.C. § 2254 application

Before KING, JOLLY, and WIENER, Circuit Judges..

PER CURIAM:[*]

Fierro was convicted of capital murder and sentenced to death in Texas. This court affirmed the denial of his first petition for federal habeas relief in 1989.  Fierro v. Lynaugh, 879 F.2d 1276 (5th Cir. 1989).  In 1997, this court authorized Fierro to file a successive federal habeas application in which he claimed that his confession was coerced.  Relief was ultimately denied on that claim.  Fierro v. Cockrell, 294 F.3d 674 (5th Cir. 2002), cert. denied, 538 U.S. 947 (2003).

On March 15, 2007, after the Texas Court of Criminal Appeals dismissed Fierro's subsequent state habeas application on the ground that it was

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

procedurally barred, Fierro moved for authorization to file another successive federal habeas petition. In that motion, Fierro sought authorization from this court to file a federal habeas petition asserting a claim that he has a federally enforceable right to review and reconsideration of his conviction and sentence in the Texas courts in the light of the violation of his rights to consular notification and consultation under the Vienna Convention. Fierro argued that his claim relies on a new rule of law which was created by the decision of the International Court of Justice in the Case Concerning Avena and Other Mexican Nationals (Mex v. U.S.), 2004 I.C.J. 12, and President Bush's determination that state courts should review and reconsider the merits of the Vienna Convention claims of the Mexican citizens involved in Avena, notwithstanding any state procedural rules that might otherwise bar review of the merits of those claims. Fierro asserted that this rule was previously unavailable, and that retroactivity concerns are not raised by the rule, which applies only in state courts.

On March 22, 2007, we granted Fierro's unopposed motion to stay consideration of his request for authorization to file a successive habeas petition pending the disposition of his petition for a writ of certiorari, in which he sought review of the Texas Court of Criminal Appeals' dismissal of his successive state habeas application.

On March 25, 2008, the Supreme Court of the United States held that Avena was not directly enforceable domestic federal law that preempted state limitations on the filing of successive habeas petitions, and that President Bush's determination did not independently require states to provide reconsideration and review of the claims of the Mexican citizens involved in Avena without regard to state procedural default rules. Medellin v. Texas, 128 S.Ct. 1346 (2008). On March 31, 2008, the Supreme Court denied Fierro's petition for a writ of certiorari. Fierro v. Texas, 2008 WL 833289 (U.S. Mar. 31, 2008).

We directed the parties to file letter briefs addressing the effect of Medellin. Both parties agree that Medellin decided adversely to Fierro the issues that he seeks permission to raise in a successive federal habeas petition.

Fierro asserts that, notwithstanding the adverse decision in Medellin, there is substantial reason to continue to stay consideration of his request for authorization to file a successive habeas petition, because Medellin's counsel has informed Fierro's counsel that "work is underway to introduce a bill in Congress that would make the Avena judgment enforceable in the domestic courts." We do not agree that there is any further basis for continuing the stay. We stayed consideration of Fierro's motion for leave to file a successive habeas petition pending disposition of his petition for a writ of certiorari, which the Supreme Court denied on March 31, 2008. The stay has expired by its own terms and Fierro's motion for authorization to file a successive habeas petition is now ripe for decision. As a result of the Supreme Court's ruling in Medellin, Fierro has not made a prima facie showing that his claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, as required by 28 U.S.C. § 2244(b)(2)(A).

IT IS THEREFORE ORDERED that Fierro's motion for authorization to file a successive habeas petition is

DENIED.